UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:10-cv-062-KKC

COMMUNITY TRUST BANCORP., INC., PLAINTIFF,

v. **OPINION AND ORDER**

COMMUNITY TRUST FINANCIAL CORPORATION,
COMMUNITY TRUST BANK, and
COMMUNITY TRUST BANK OF TEXAS, DEFENDANTS.

* * * * * * * *

This matter is before the Court on the Defendants' motion to certify this matter for immediate appeal and to stay this matter pending appeal. [DE 25].

**I.  Background.**

The Plaintiff in this action is Community Trust Bancorp. Inc., a Kentucky corporation. It has provided banking and financial services since 1903. Since at least since 1995, the Plaintiff has continuously used the mark COMMUNITY TRUST to promote its banking and financial services. Since 1998, it has operated a website using the domain name ctbi.com. Its website allows customers to conduct online banking, including paying bills and other financial transactions, over the internet.

The Defendants are Community Trust Bank of Texas, which is a Texas corporation, and Community Trust Financial Corporation and Community Trust Bank, both of which are Louisiana corporations. Community Trust Bank and Community Trust Bank of Texas are wholly-owned subsidiaries of Community Trust Financial Corporation.

Like the Plaintiffs, the Defendants provide banking and financial services. Defendants use the marks COMMUNITY TRUST and COMMUNITY TRUST BANK and the trade names

Community Trust Financial Corporation, Community Trust Bank, and Community Trust Bank of Texas. The Defendants also operate a website using the domain name ctbonline.com and the website displays the words "Community Trust."

The Plaintiff asserts that the Defendants' use of the COMMUNITY TRUST mark and related marks and trade names is likely to confuse consumers into believing that the Plaintiff is the operator of the Defendants' website or that the Plaintiff is affiliated with the Defendants' services. The Plaintiff asserts that the Defendants' use of these marks constitutes trademark infringement in violation of federal law, 15 U.S.C. § 1114(1) (the "Lanham Act"), and state law, KRS § 365.601. The Plaintiff also asserts that the Defendants' use of the marks constitutes false designation of origin under 15 U.S.C. § 1125(a). The Plaintiffs also move under 15 U.S.C. § 1119 for an order canceling the Defendants' U.S. Service Mark Registration for the mark COMMUNITY TRUST BANK.

The Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) arguing that this Court has no personal jurisdiction over them. Alternatively, they moved to transfer this action under Rule 12(b)(3) arguing that this Court is not the proper venue. The Defendants further moved under Rule 12(b)(6) to dismiss the Plaintiff's claim under KRS § 365.601 for failure to state a claim.

On February 17, 2011, this Court entered an Opinion and Order denying all of the Defendants' motions. [DE 21]. The Defendants now move for this Court to certify for immediate appeal that portion of the Court's Opinion and Order finding that the Plaintiff had established a *prima facie* case of personal jurisdiction over the Defendants and denying the motion to dismiss for lack of personal jurisdiction.

**II.    Analysis.**

Title 28 U.S.C. § 1291 provides for appeal to the courts of appeals only from "final decisions

of the district courts of the United States." However, 28 U.S.C. § 1292(b) grants the district court discretion to certify certain issues for interlocutory appeal. *Id*. at 47. Section 1292(b) provides that a district court may certify an issue for interlocutory appeal if the following conditions are met:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, in order to certify an issue for interlocutory appeal, four conditions must be met: "(1) The question involved must be one of law; (2) it must be controlling; (3) there must be substantial ground for difference of opinion about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, (6th Cir. 1974)(internal quotation marks omitted). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A. **Whether the Court's Opinion Involves a Controlling Question of Law.**

Neither party requested an evidentiary hearing or discovery on the issue of personal jurisdiction. Thus, this Court did not conduct a hearing and determined only that the Plaintiff made a prima facie showing of personal jurisdiction. This is a question of law. In determining whether the plaintiff has made a prima facie showing of jurisdiction, the Court is required to resolve any factual conflicts in the plaintiff's favor. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Further, in this particular matter, there is no dispute as to the relevant facts.

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. This Court's determination that the Plaintiffs have made a prima facie showing of personal jurisdiction over the Defendants could materially affect the outcome of the case. The Court's opinion allowed this matter to continue in this Court. If the Court's ruling should be reversed, this matter could not continue in this Court and would have to be dismissed.

B. **Whether there is a Substantial Ground for Difference of Opinion**

The Defendants assert that there is substantial ground for a difference of opinion on two issues raised by this Court's personal jurisdiction determination. First, the Defendants contest this Court's statement that "the single issue presented on a motion to dismiss for lack of personal jurisdiction is whether the jurisdiction sought by the plaintiffs is within the requirements of due process." There is no substantial ground for difference of opinion on this point.

In *Tobin v. Astra Pharmaceutical Products Inc.*, 993 F.2d 528 (6th Cir. 1993), the United State Court of Appeals for the Sixth Circuit explicitly stated the following:

> The Court of Appeals of Kentucky, then the highest court of the commonwealth, recognized that this long-arm statute "was designed to extend the permissible scope of jurisdiction over foreign corporations with minimal contact in Kentucky." *Ford Motor Credit Co. v. Nantz*, 516 S.W.2d 840, 842 (Ky.1974). The Kentucky long-arm statute has been understood to reach the limit permitted by the Constitution. *Handley v. Indiana & Michigan Elec. Co.*, 732 F.2d 1265, 1271 (6th Cir.1984) (citing *Poyner v. Erma Werke GMBH*, 618 F.2d 1186, 1192 (6th Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980)). Thus, the single issue is whether the jurisdiction sought is within the requirements of due process.

*Id*. at 543.

Later, in *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators, Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998), the Sixth Circuit explicitly stated the following:

> When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so. *See Kerry Steel*

> *v. Paragon Indus., Inc*., 106 F.3d 147, 148 (6th Cir.1997). Often this rule requires the court to determine whether both the state's long-arm statute and the Due Process Clause of the United States Constitution permit the exercise of jurisdiction. But when a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court "need only determine whether the assertion of personal jurisdiction ... violates constitutional due process." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996). Because Kentucky has construed its long-arm statute to extend as far as the Due Process Clause, *see Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky.1992), we may confine ourselves to this single inquiry.

*Id*. at 627.

The Defendants do not directly challenge these clear statements by the Sixth Circuit. Instead, they argue that this Court only "*has discretion* to merge the long-arm inquiry into the due process inquiry...." [DE 15 at 6]. Even if this were an accurate statement of the law, the Defendants do not explain the parameters of the court's discretion or how this Court's opinion was somehow beyond those parameters.

Finally, and perhaps most importantly, if the Defendants are arguing that this Court was required to determine *both* whether the Defendants' conduct fell within one of the provisions of the Kentucky long-arm statute *and* whether they had the requisite minimum contacts with this state to satisfy due process, this Court did both. It determined that the provision of banking services to Kentucky residents constitutes "transacting any business in this Commonwealth" under KRS § 454.210(2)(a)(1). It further determined that, when the Defendants contracted with Kentucky residents to provide online banking services through "Online Services Agreements," the Defendants "contract[ed] to supply services. . .in this Commonwealth" under KRS 454.210(2)(a)(2).

Defendants concede that they are "[p]roviding banking services to Kentucky residents" and that they "enter[ed] into a contract with Kentucky residents" to provide those banking services. [DE 25 at 9]. However, they argue that these actions do not constitute "transacting any business in this

5

Commonwealth" or "contracting to supply services...in this Commonwealth." They cite no case law for that proposition and, thus, this Court cannot find there is substantial ground for a difference of opinion on whether providing banking services to Kentucky residents falls within the specific provisions of Kentucky's long-arm statute.

Defendants next argue that there is substantial ground for difference of opinion as to this Court's determination that "[t]he Defendants' act of sending a password to Kentucky residents to permit them to engage in online banking reveals a specific intention to interact with these customers even after they became Kentucky residents." [DE 21 at 9].

The Court remains confident in this determination. There is no dispute that, in order to obtain a password to receive online banking services from the Defendants, each Kentucky resident filled out an application providing his Kentucky address. It was only after receiving that information that the Defendants sent the Kentucky residents a password which would permit them to receive banking services in Kentucky. The Defendants' application for online banking services does not limit users to inputting only Mississippi, Arkansas or Texas addresses as it could have done.

Nevertheless, the Court recognizes that the law regarding personal jurisdiction in the internet context is continually evolving. Accordingly, the Court finds that there is substantial ground for difference of opinion as to whether the Defendants' act of sending passwords to Kentucky residents to provide them with online banking services establishes a prima facie case of personal jurisdiction in this Court.

**C.    Whether Immediate Appeal may Materially Advance the Ultimate Termination of this Litigation.**

A reversal of the Court's decision on the issue of whether the Plaintiff has made a prima facie showing of personal jurisdiction over the Defendant would completely terminate this action

and bar any further proceedings, thus, eliminating the need for discovery and a trial. Therefore, the Court finds that this litigation may be materially advanced by certifying the issue of personal jurisdiction for interlocutory appeal.

The Court recognizes that, thus far, it has only ruled that the Plaintiff has established a prima facie case of personal jurisdiction and that this is not necessarily the last word in this case on personal jurisdiction. The Defendants can raises the jurisdictional issue later in this action. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (even if court issues pretrial order denying defendant's 12(b)(2) motion, the defendant may proceed to trial without waiving the defense; a threshold determination that personal jurisdiction exists does not relieve the plaintiff at the trial from proving the facts upon which jurisdiction is based by a preponderance of the evidence); *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir. 1998)(defendant "can raise jurisdictional arguments during the trial as well. It is not as if this early determination, with the burden on the plaintiff so low, is the last word on jurisdiction"); *Neogen Corp. v. U.S. Dept. of Justice*, 2006 WL 3422691, at * 7 n.4 (E.D. Ky. 2006).

Nevertheless, reversal of this Court's decision that a prima facie case of jurisdiction exists would completely deprive this Court of jurisdiction and result in dismissal of this action. This is particularly significant in trademark litigation which can be quite lengthy and expensive. For these reasons, the Court will also stay the proceedings in this Court pending the decision of the Court of Appeals.

**III.     Conclusion.**

Accordingly, it is hereby ORDERED as follows:

1)     the Defendants' Motion to Amend the Court's Opinion and Order of February 17, 2011 to Certify for Immediate Appeal and for Stay of Proceedings Pending Appeal

[DE 25] is GRANTED;

2) the February 17, 2011 Opinion and Order is AMENDED to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation; and

3) this action is STAYED pending the Court of Appeals' resolution of this issue.

Dated this 24th day of May, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge